**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PAUL S. HUDSON,**

                                   **Appellant,**

                    **v.**                                       **1:05-CV-472**
                                                                      **(FJS)**

**RICHARD T. CORVETTI,**

                                  **Appellee.**
_____

**APPEARANCES**                                       **OF COUNSEL**

**EMERY CELLI BRINCKERHOFF &**     **SARAH NETBURN, ESQ.**
**ABADY LLP**                                **JONATHAN S. ABADY, ESQ.**
545 Madison Avenue
New York, New York 10022
Attorneys for Appellant

**DONOHUE, SABO, VARLEY &**        **KENNETH G. VARLEY, ESQ.**
**HUTTNER, LLP**
24 Aviation Road
P.O. Box 15056
Albany, New York 12212
Attorneys for Appellee

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Appellant appeals from Bankruptcy Judge Littlefield's March 17, 2005 Order insofar as it (1) construed District Judge McAvoy's past rulings as permitting Appellee to oppose Appellant's discharge, (2) established a briefing schedule for consideration of Appellant's discharge that permitted Appellee to file opposition papers, and (3) denied a stay of proceedings in the

Bankruptcy Court pending the parties' appeal of adverse rulings.

Currently before the Court are (1) Appellant's and Appellee's joint request for a stay of the Bankruptcy Court proceedings pending resolution of this appeal and (2) Appellant's request for an expedited briefing schedule.[1]

## II. BACKGROUND

Although this case has had a long and complex history, only a few facts are relevant to the issues currently before the Court. Appellant sought discharge in bankruptcy. Appellee opposed discharge. In 2001, Judge Littlefield denied discharge. Appellant appealed that denial to this Court. In September 2001, during the course of that appeal, Appellant and Appellee entered into a settlement agreement, the effectiveness of which was conditioned upon judicial approval. In April and November 2002, Judge McAvoy issued two orders touching upon the settlement agreement. In October 2003, Judge McAvoy remanded the case to the Bankruptcy Court.

In the Bankruptcy Court proceeding, a disagreement has arisen between Appellant and Appellee with respect to the meaning of the settlement agreement and Judge McAvoy's April and November 2002 Orders. Appellant believes that the effect of those Orders is that Appellee is barred from opposing Appellant's discharge in any forum. Appellee disagrees. As a result of the dispute, Appellant filed a state-court action for breach of the settlement agreement, and Appellee

---

[1] Appellant states that Appellee initially agreed to join in requesting an expedited briefing schedule until a dispute arose over the designation of the record on appeal. *See* Dkt. No. 11 at 1 n.1.

filed an adversary proceeding in the Bankruptcy Court for a declaration of his rights under those Orders.

On March 17, 2005, Judge Littlefield (1) denied Appellee's motion for summary judgment declaring his rights, (2) denied Appellee's application for an order enjoining Appellant from pursuing legal action in state court, (3) concluded that Appellee could oppose Appellant's discharge, (4) set a briefing schedule for the issue of Appellant's discharge that permitted Appellee to file an opposition, and (5) denied a stay in the Bankruptcy Court proceedings pending the parties' appeal of adverse rulings. Although Judge Littlefield initially set April 11, 2005, as the date for Appellee to submit his papers in opposition to Appellant's discharge, he subsequently adjourned that date to May 16, 2005.

### III. DISCUSSION

**A.    Stay of the Bankruptcy Court proceedings**

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief . . . may be made to the district court . . . but the motion shall show why the relief . . . was not obtained from the bankruptcy judge.

Fed. R. Bankr. P. 8005. Appellant's letter brief does not explain why Judge Littlefield did not grant a stay of the discharge proceedings. However, Judge Littlefield's March 17, 2005 Order indicates that he denied a stay based upon his assessment of the merits of this appeal. *See* Dkt. No. 1 at Pt. 3 at 3.

In determining whether to stay a bankruptcy court order, a court must consider "(1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of

success on appeal; (2) whether the movant will suffer irreparable injury without a stay; (3) whether any party will suffer substantial injury if a stay is issued; and (4) whether public interests may be implicated." *In re Metiom, Inc.*, 318 B.R. 263, 267 (S.D.N.Y. 2004) (citation omitted). Neither party has presented any argument with respect to the merits of this appeal. Appellant merely contends that he will suffer irreparable injury if Appellee is allowed to oppose his discharge and the Bankruptcy Court denies his discharge. However, Appellant has not shown why his appeal of an adverse discharge decision would not provide adequate protection of his interests. Since neither party has addressed the merits of this appeal nor shown that he would suffer irreparable injury if this Court does not stay the discharge proceedings, the Court denies the parties' joint request for a stay of the Bankruptcy Court proceedings.

**B.     Expedited briefing schedule**

The Court has already stayed the determination of the merits of this appeal pending the Bankruptcy Court's resolution of the parties' dispute concerning the proper designation of the record on appeal. Until the Bankruptcy Court resolves that dispute, briefing of the merits of this appeal is premature. Therefore, the Court denies Appellant's request for an expedited briefing schedule.

### IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Appellant's and Appellee's joint request for a stay of the Bankruptcy

Court proceedings pending resolution of this appeal is **DENIED**; and the Court further

    **ORDERS** that Appellant's request for an expedited briefing schedule is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 1, 2005
       Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Chief United States District Court Judge