**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PAUL S. HUDSON,**

                                        **Appellant,**

                        **v.**                                        **1:05-CV-472**
                                                                       **(FJS)**

**RICHARD T. CORVETTI,**

                                        **Appellee.**

_____

**APPEARANCES**                              **OF COUNSEL**

**EMERY CELLI BRINCKERHOFF &**              **SARAH NETBURN, ESQ.**
**ABADY LLP**                               **JONATHAN S. ABADY, ESQ.**
545 Madison Avenue
New York, New York 10022
Attorneys for Appellant

**DONOHUE, SABO, VARLEY &**                 **KENNETH G. VARLEY, ESQ.**
**HUTTNER, LLP**
24 Aviation Road
P.O. Box 15056
Albany, New York 12212
Attorneys for Appellee

**SCULLIN, Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Appellant appeals from Bankruptcy Judge Littlefield's March 17, 2005 Order insofar as it

(1) construed District Judge McAvoy's past rulings as permitting Appellee to oppose Appellant's

discharge, (2) established a briefing schedule for consideration of Appellant's discharge that

permitted Appellee to file opposition papers, and (3) denied a stay of proceedings in the

Bankruptcy Court pending the parties' appeal of adverse rulings.

Currently before the Court is Appellant's motion for reconsideration of the Court's June 1, 2005 Memorandum-Decision and Order ("MDO"), in which the Court denied the parties' joint application for a stay of Appellant's discharge proceeding in the Bankruptcy Court pending the outcome of this appeal.[1]

## II. BACKGROUND

Although this case has had a long and complex history, only a few facts are relevant to the issues currently before the Court. Appellant sought discharge in bankruptcy. Appellee opposed discharge. In 2001, Judge Littlefield denied discharge. Appellant appealed that denial to this Court. In September 2001, during the course of that appeal, Appellant and Appellee entered into a settlement agreement, the effectiveness of which was conditioned upon judicial approval. In April and November 2002, Judge McAvoy issued two orders touching upon the settlement agreement. In October 2003, Judge McAvoy remanded the case to the Bankruptcy Court.

In the Bankruptcy Court proceeding, a disagreement has arisen between Appellant and Appellee with respect to the meaning of the settlement agreement and Judge McAvoy's April and November 2002 orders. Appellant believes that the effect of those documents is that Appellee is barred from opposing Appellant's discharge in any forum. Appellee believes that those documents do not have that effect. As a result of the dispute, Appellant filed a state-court

---

[1] Although Appellant presents his motion in the form of an order to show cause, the Court finds that the resolution of his motion does not require a response from Appellee. Therefore, the Court will treat Appellant's order to show cause as a standard motion for reconsideration.

action for breach of the settlement agreement.  Appellee filed an adversary proceeding in the

Bankruptcy Court for a declaration of his rights under those documents.

On March 17, 2005, Judge Littlefield (1) denied Appellee's motion for summary

judgment declaring his rights, (2) denied Appellee's application for an order enjoining Appellant

from pursuing legal action in state court, (3) concluded that Appellee could oppose Appellant's

discharge, (4) set a briefing schedule for the issue of Appellant's discharge that permitted

Appellee to file an opposition, and (5) denied a stay in the Bankruptcy Court proceedings

pending the parties' appeal of adverse rulings.

Appellant appealed from Judge Littlefield's March 17, 2005 decision and submitted to

the Court (1) Appellant's and Appellee's joint request for a stay of the Bankruptcy Court

proceedings pending resolution of this appeal, (2) Appellant's request for an expedited briefing

schedule, (3) Appellant's request that this appeal be reassigned to Judge McAvoy, and (4)

Appellant's response to Appellee's limited objection to Appellant's designation of the record on

appeal.

On May 3, 2005, the Court assigned this appeal to Judge McAvoy.  *See* Dkt. No. 15.  On

May 11, 2005, Judge McAvoy declined to accept the case and transferred it back to this Court.

*See* Dkt. No. 16.  On May 24, 2005, the Court issued an Order that directed the parties to submit

their dispute concerning the proper designation of the record on appeal to Judge Littlefield for

resolution and stayed the Court's determination of the merits of this appeal pending Judge

Littlefield's resolution of that issue.  *See* Dkt. No. 23.  On June 1, 2005, the Court issued a

Memorandum-Decision and Order that denied the parties' joint request for a stay of the

Bankruptcy Court proceedings pending resolution of this appeal and denied Appellant's request

-3-

for an expedited briefing schedule.  *See* Dkt. No. 24.

### III. DISCUSSION

"The grounds justifying reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or to prevent manifest injustice." *ITT Commercial Fin. Corp. v. Harsco Corp.*, No. 91 CV 0973, 1999 WL 6922, *1 (N.D.N.Y. Jan. 6, 1999) (citations omitted).

Appellant's basic argument is that he mistakenly believed that a joint request for a stay of the bankruptcy proceedings did not have to satisfy the standard that applies to non-joint requests. Even if the Court accepts Appellant's explanation for why he did not argue the merits of his request, there would still be no reason to grant reconsideration if he could not prevail on those merits.

As the Court noted in its MDO

> [i]n determining whether to stay a bankruptcy court order, a court must consider "(1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; (2) whether the movant will suffer irreparable injury without a stay; (3) whether any party will suffer substantial injury if a stay is issued; and (4) whether public interests may be implicated." *In re Metiom, Inc.*, 318 B.R. 263, 267 (S.D.N.Y. 2004) (citation omitted).

*See* Dkt. No. 24 at 3-4.  Although Appellant now presents a substantial argument with respect to the merits of his appeal, he has still failed to show that he will suffer irreparable injury without a stay.  His argument is that, absent a stay, Appellee will submit false and injurious allegations in his papers opposing Appellant's discharge.  Appellant then contends that, if the Court resolves this appeal in his favor before the Bankruptcy Court reaches a determination on the issue of

discharge, the Bankruptcy Court will be unable to ignore Appellee's false allegations even if the Court instructs it to do so. This contention is an insult to the Bankruptcy Court.

Alternatively, Appellant argues that, if the Court resolves this appeal in his favor after the Bankruptcy Court has denied discharge, he will be exposed to litigation from his creditors, and, on appeal of the denial of discharge, the Court would apply a deferential standard of review. This argument lacks merit. First, if Appellee's allegations are false, Appellant may presumably rebut them. Second, if the Bankruptcy Court denies discharge, and the propriety of Appellee's opposition to discharge is still pending before this Court, Appellant should be able to present a strong argument to the Bankruptcy Court for the stay of the decision denying discharge until the question of Appellee's opposition is resolved. Third, if the Bankruptcy Court denies discharge; Appellant appeals from that decision; and the Court determines that Appellee should not have been allowed to oppose discharge, findings of fact based upon Appellee's opposition would be reversible even under a clear error standard of review.

Accordingly, since Appellant has not shown that reconsideration of the Court's June 1, 2005 MDO is necessary to prevent manifest injustice, the Court denies his motion for reconsideration.

## IV. CONCLUSION

After carefully considering the file in this matter, Appellant's submissions, and the

applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Appellant's motion for reconsideration of the Court's June 1, 2005 MDO

is **DENIED**.

**IT IS SO ORDERED**

Dated: June 20, 2005
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge